IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUISE ALSTON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 12-3491 |
| WAL-MART STORES EAST, L.P. | : | |

**<u>MEMORANDUM</u>**

Ludwig, J.                                          September   20, 2012

This is a personal injury action.  Jurisdiction is diversity.  42 U.S.C. § 1332.

Plaintiff moves to "Remand the Instant Case to the Philadelphia Court of Common

Pleas" (docket no. 10).[1]  For the following reasons, the motion will be denied.

On April 11, 2012, plaintiff Louise Alston filed a complaint in the

Philadelphia Court of Common Pleas alleging negligence on the part of Wal-Mart.

Complaint, Exhibit A to Notice of Removal.  According to the complaint, plaintiff

slipped and fell while shopping at a Philadelphia area Wal-Mart store.  Complaint,

¶¶ 5-6.  She is alleged to have sustained "multiple injuries, including, but not

limited to, a fracture of the left ankle, cervical sprain and strain, left shoulder

strain and sprain, thoracic strain and sprain, lumbar strain and sprain, together

with shock and injury to her nerves and nervous system." Complaint, ¶ 10.  As a

result, plaintiff is also alleged to have experienced physical pain, expended

undisclosed sums for medical care, and incurred additional expenses.  Complaint,

---

[1] Plaintiff filed two previous motions to remand, at docket nos. 3 and 6.  Those motions did not include supporting memoranda or proposed orders as required under Local Rule 7.1 and they are stricken.

¶¶ 11, 12, 15.  The demand for relief is "in an amount in excess of the jurisdictional amount requiring submission to Arbitration.   Complaint, *ad damnum* clause.

On April 12, 2012, defendant was served with the complaint.  On May 22, 2012, defendant filed an answer with new matter.  The new matter alleged: "Plaintiff's damages, if any, are limited to an amount not in excess of $50,000 at the arbitration and/or trial of this matter," and "Plaintiff's damages, if any, are limited to an amount not in excess of $75,000 at the arbitration and/or trial of this matter.  Defendant's new matter, exhibit B to defendant's response to plaintiff's motion.  On May 23, 2012, plaintiff filed a reply to new matter denying these allegations.   Plaintiff had, in the interim, transferred the case to Philadelphia's Arbitration Program.[2]

On May 30, 2012, counsel for defendant contacted counsel for plaintiff to clarify plaintiff's position on damages, and requested a stipulation limiting damages to $75,000.  Exhibit D to defendant's response.  Plaintiff refused, but pointed out that damages in the Arbitration Program are limited to $50,000.  Id. On June 20, 2012, defendant filed a Notice of Removal, alleging diversity jurisdiction existed and that the amount in controversy exceeds $75,000, 42 U.S.C. § 1332. Docket no. 1.  Plaintiff filed this motion to remand, stating that the

---

[2] Under 42 Pa.C.S.A. § 7361(b), in order to avoid compulsory arbitration, a plaintiff must allege damages in excess of $50,000.

Notice of Removal was untimely as not filed within 30 days of service of the complaint, and that the amount in controversy does not exceed $75,000.

"Any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A notice of removal mst be filed "within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth a claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Where a case is not initially removable, the thirty-day time period is triggered by "the receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id.

"Removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004) (citations omitted).

## Timeliness of Removal

Plaintiff's position is that the notice of removal should have been filed within thirty days of the April 12, 2012, the date of service of the complaint. Instead, it was filed on June 20, 2012, more than a month later. Defendant responds that it was unclear from the complaint that the action was initially removable, and

plaintiff's transfer of the action to the Philadelphia Arbitration Program, where damages are capped at $50,000, further beclouded the issue.  Not until defendant received plaintiff's reply to new matter, in which plaintiff denied defendant's allegation that damages were not in excess of $50,000 or $75,000 did defendant become aware of the possible extent of plaintiff's damages.  The reply to new matter, according to defendant is an "other paper" under 28 U.S.C. 1446(b), and because the notice of removal was filed within thirty days of defendant's receipt of plaintiff's reply to new matter, the removal was timely.

In these circumstances, defendant's removal was timely.  See Bishop v. Sam's East, Inc., 2009 WL 1795316, at *2-4 (E.D. Pa., filed Jun. 23, 2009).  In Bishop, the complaint alleged injuries including a fractured tibia, injuries to the nerves and nervous system, and related economic and emotional losses.  The demand was for damages in excess of $50,000.  Id., at *3.  This was held insufficient to put defendant on notice that the amount in controversy exceeded $75,000.  Id., citing Brown v. Modell's PA II, Inc., 2008 WL 2600253, at *2 (E.D. Pa., filed Jul. 1, 2008).  See also Judge v. Philadelphia Premium Outlets, 2010 WL 2376122, at *3 (E.D. Pa., filed Jun. 8, 2010) (citing cases).  Therefore, the complaint did not activate the thirty-day period for filing a notice of removal. Similarly, here, the general allegations of injury and the demand in excess of the arbitration limits was not enough to commence the thirty-day filing period,

4

particularly when viewed in conjunction with plaintiff's removal of the case to the Philadelphia Arbitration Program.

Bishop also considered the issue whether a reply to new matter constituted an "other paper" under 28 U.S.C. § 1446(b) that could activate the thirty-day period, and found that it did.  Bishop, supra, at *4 (citations omitted).  Moreover, plaintiff's denial in that case that her damages were not in excess of $75,000 "placed Defendant on notice that the amount in controversy was over $75,000." So, too, in this case, the reply to new matter was sufficient to place defendant on notice that the amount in controversy exceeded $75,000, particularly when viewed in conjunction with plaintiff's refusal to stipulate to a $75,000 cap on damages.

### Amount in Controversy

Plaintiff's position is that this action must be remanded because the amount in controversy does not exceed $75,000.  In support of her position, plaintiff relies on her transfer of the action to the Philadelphia Arbitration Program, where damages are capped at $50,000.  Defendant points to the *ad damnum* clause in the complaint, which requests recovery in excess of the arbitration limits, plaintiff's refusal to sign a stipulation capping her damages at $75,000, and her denial of new matter asserting that her damages did not exceed $75,000.

"A district court's determination as to the amount in controversy must be based on a reading of the plaintiff's complaint at the time the petition for removal was filed.  The court must measure the amount 'not by the low end of an open-

5

ended claim but by a reasonable reading of the value of the rights being litigated.'"

Howard v. Wal-Mart Supercenter, 2009 WL 4362856, at *2 (E.D. Pa., filed Nov. 30, 2009) (citations omitted).  "Where the plaintiff has not expressly limited the amount in the complaint to less than the jurisdictional minimum, the plaintiff, when challenging federal jurisdiction, bears the burden of proving to a legal certainty that the amount in controversy could not exceed the jurisdictional threshold."

Judge, supra, at *3 (citing Federico v. Home Depot, 507 F.3d 188, 197 (3d Cir. 2007).  Such cases "must be remanded if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount."   Howard, supra, at *3 n.1 (citations omitted).

The allegations here are that plaintiff sustained serious injuries, including a fractured ankle, and that these injuries are permanent.  Further: plaintiff will sustain pain and mental anguish for an undetermined period into the future and she expects to continue to expend sums to treat her injuries.  Complaint, ¶¶ 10-15. The averments in the complaint satisfy the amount in controversy requirement. Other evidence of record - plaintiff's demand in excess of the arbitration limits, her refusal to stipulate to a $75,000 cap on her damages, and her denial of new matter stating her damages were capped at $75,000, is "reflective of the legal uncertainty that she can not recover an amount less than the jurisdictional minimum."

Howard, supra, at *4 (citations omitted).  Inasmuch as it does not appear to a legal

certainty that plaintiff cannot recover the jurisdictional amount, the motion to remand must be denied.


BY THE COURT:


/s/ Edmund V. Ludwig
Edmund V. Ludwig, J.